IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDWINE WELLINGTON SISA SISA,

      Petitioner,

v.                                    Case No. 1:26-cv-00163-JB-LF

PAMELA BONDI, Attorney General;
DAREN K. MARGOLIN, Director for Executive
Office for Immigration Review;
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW;
KRISTI NOEM, Secretary, U.S. Department of
Homeland Security; TODD M. LYONS,
Acting Director of Immigration and
Customs Enforcement; IMMIGRATION AND
CUSTOMS ENFORCEMENT; MARY DE
ANDA-YBARRA, DIRECTOR, El Paso
Field Office Field Office, Immigration and
Customs Enforcement; and GEORGE DEDOS,
Warden of Torrence County Detention Facility,

      Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on petitioner Edwine Wellington Sisa Sisa's Verified Petition for Writ of Habeas Corpus (Doc. 1) and Respondents' Motion to Dismiss (Doc. 14). United States District Judge James Browning referred this case to me under 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Virginia Beach Federal Savings & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990) "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. 3 at 1. For the following reasons, I recommend that the Court deny both the petition and motion to dismiss as moot and dismiss this matter accordingly.

**BACKGROUND**

Petitioner is a citizen of Ecuador.  Doc. 1 ¶ 12.  On or about May 7, 2024, a Border Patrol agent encountered Petitioner and his family, determined that they had entered the country unlawfully, and arrested them.  Doc. 10-4 at 3.  After determining that Petitioner and his family "do not appear to be a threat to national security, border security, or public safety," Petitioner and his family were released from custody pending proceedings in immigration court.  *Id.*  After his release, Petitioner resided in Minnesota before he was again detained by immigration officials sometime later.[1]  Doc. 1 ¶ 12.  Petitioner was detained at the Torrance County Detention Facility in Estancia, New Mexico.  *Id.* ¶¶ 22, 32.

On January 26, 2026, Petitioner filed a verified petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his mandatory detention without the opportunity for a bond hearing.  *See* Doc. 1.  Petitioner requested that he be immediately released from custody or, alternatively, provided a bond hearing pursuant to 8 U.S.C. § 1226(a).  *Id.* at 28.  On February 12, 2026, Respondents[2] answered the petition, arguing that Petitioner was properly subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A) and not entitled to a bond hearing pursuant to § 1226(a).  *See* Doc. 7.  However, on February 27, Respondents filed a status report indicating that Petitioner had been scheduled for a bond hearing on March 5, 2026.  Doc. 10 at 1.  At the bond hearing, the immigration judge ("IJ") denied Petitioner bond after concluding that he

---

[1] The petition does not specify when this second period of detention began, *see* Doc. 1, but a subsequent filing does state that Petitioner was apprehended "nearly 2 years after entry," Doc. 8 at 3.  Respondents state that "Petitioner was detained after an encounter ICE (sic) on November 6, 2026, not pursuant to a warrant."  Doc. 10 at 1.  This future date appears to be a typographical error.  Thus, it is not clear from the filings on what date Petitioner was taken into custody.

[2] Counsel for Federal Respondents does not represent respondent Warden George Dedos, though she states that "all arguments made on behalf of the [Federal Respondents] apply equally to the Warden."  Doc. 6 at 1 n.1.

"has not met [his] burden of showing that he is not a flight risk" and also "as a matter of discretion." Doc. 12-1 at 1.

On March 16, 2026, Respondents filed their motion to dismiss the petition, arguing that this matter should be dismissed as moot because Petitioner had received the relief he had sought in the alternative. Doc. 14 at 1–2. Petitioner argued that the Court retained jurisdiction over this matter because the March 5 bond hearing was not consistent with due process and because Petitioner's warrantless arrest justified his immediate release from custody. Doc. 15 at 4–8. However, Petitioner again appeared before an IJ on March 23, 2026, where Petitioner withdrew his pending applications for relief without prejudice and was granted voluntary departure. Doc. 19-1 at 1–2. Petitioner was ordered to depart from the United States by May 23, 2026, though he was ordered to remain detained until his departure. *Id.* at 2. On April 9, 2026, Petitioner notified the Court that "[h]e is no longer contesting his removability nor seeking release from custody" and that "[t]his matter is now moot." Doc. 22 at 1. On May 20, 2026, Respondents filed a status report stating that, upon information and belief, Petitioner had departed the United States on April 16, 2026. Doc. 25 at 1.

## ANALYSIS

Section 2241 of title 28, United States Code, grants district courts authority to grant writs of habeas corpus, and district courts may entertain petitions pursuant to § 2241 in relation to immigration cases. *Ochieng v. Mukasey*, 520 F.3d 1110, 1115 (10th Cir. 2008). However, "[t]he writ of habeas corpus shall not extend to a prisoner unless [he] is in custody." *Riley v. Immigr. & Naturalization Serv.*, 310 F.3d 1253, 1256 (10th Cir. 2002) (alterations in original) (quoting 8 U.S.C. § 2241(c)(1)). A petitioner's release from detention will not moot his petition if the petitioner meets one of the exceptions to the mootness doctrine:

3

> (1) secondary or "collateral" injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Id.* at 1257 (quoting *Chong v. Dist. Dir.*, 264 F.3d 378, 384 (3d Cir. 2001)).

Petitioner initially contested his detention, but he subsequently was granted voluntary departure. Doc. 19-1 at 2. While Petitioner was ordered to remain detained before he departed the United States, *id.*, he informed the Court that he no longer sought release from custody and conceded that the case is moot, Doc. 22 at 1. Respondents informed the Court that Petitioner departed the country on April 16, 2026. Doc. 25 at 1. I therefore recommend that the Court deny both the petition and Respondents' motion to dismiss as moot and dismiss this matter accordingly.

## CONCLUSION

I recommend that the Court dismiss Petitioner's Verified Petition for Writ of Habeas Corpus (Doc. 1) and Respondents' Motion to Dismiss (Doc. 14) as moot. Petitioner no longer contests his detention, concedes that this matter is moot, and his voluntary departure from the country has since been effectuated.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court. *Id.* In other words, if no objections are filed, no appellate review will be allowed.**

Laura Fashing
United States Magistrate Judge